IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IAN O. JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:08-CV-2215-O |
| | § | |
| DALLAS INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant, Dallas Independent School District's motion for summary judgment (Doc. 23) and motion to strike the affidavit of David Hoblitt (Doc. 42). This is a Family and Medical Leave Act ("FMLA") case. Plaintiff Ian O. Johnson alleges wrongful denial of benefits and retaliatory termination under the FMLA. This case was originally filed in state court in Dallas County, Texas and removed to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(b). Federal question jurisdiction under § 1331 is proper as the Plaintiff's claim arises under the FMLA, 29 U.S.C. § 2601 et seq. Defendant moves for summary judgment asserting that Plaintiff cannot prove that he suffered from a serious health condition and therefore is not entitled to protection under the FMLA. Plaintiff responds that there are genuine issues of material fact as to whether he suffered from a serious health condition. The Court finds that there is a very close question as to whether the Plaintiff suffered from a serious health condition and is even entitled to protection under the FMLA; however, consistent with its duty to view the evidence favorably to the non-movant, the Court must deny Defendant's motion for summary judgment.

The central question presented by Defendant's motion is whether the Plaintiff suffered from a serious health condition within the meaning of the FMLA and therefore whether Plaintiff is entitled to the FMLA's protections. This point is the single focus of Defendant's motion. Read favorably to the Plaintiff, the evidence would show that Plaintiff's close friend was shot and killed in Baton Rouge, Louisiana in March 2007. Plaintiff was deeply affected by this tragic event and began to suffer from depression and anxiety as a result. Plaintiff did not report to work May 9 through May 15, 2007, explaining to his supervisor, Carlos Tapia, that he was not feeling well. On May 15 Plaintiff visited Dr. Jimmy K. Lu for a previously scheduled routine physical examination.

Dr. Lu completed a diagnostic examination and did not diagnose Plaintiff with any serious health condition, and/or mental or physical illness, sickness or impairment. Dr. Lu did prescribe 20 pills for headache medication but did not prescribe any other medication, follow-up appointments, or continuing care and Plaintiff did not request further medication, follow-up appointments, or continuing care. Dr. Lu also provided Plaintiff with a physician's note allowing him to take four to five days off from work. Plaintiff was released to return to work on May 21. However, Plaintiff did not return to work.

On May 22 Plaintiff visited Dr. Edwin F. Tulloch, a licensed professional counselor who treated him for grief and stress. Dr. Tulloch's declaration (Doc. 23-3) indicates that he did not assess Plaintiff with a major job/occupational problem or major depression condition. Moreover, Dr. Tulloch states that based on the Plaintiff's three appointments and his medical records "there is no documented indication that [Plaintiff] had an incapacity or serious health condition on May 22nd, June 5th or June 8th in 2007." Dr. Tulloch goes on to state that he was not aware of anything that completely prevented the Plaintiff from working or his regular life activities and that Plaintiff

2

appeared capable of working and regular life activities. Plaintiff responded by attaching Dr. Tulloch's Certification of Health Care Provider forms that he completed after Plaintiff's visits to his office (Doc. 26-4).

Both forms indicate that Dr. Tulloch diagnosed Plaintiff as suffering from a serious health condition under the FMLA. Specifically, on both forms, Dr. Tulloch checked option 2 indicating that he believed the Plaintiff's condition qualified as a serious health condition because it resulted in an "incapacity of more than three consecutive calendar days . . . that also involves: Treatment . . . two or more times by a health care provider . . . or [t]reatment by a health care provider on at least one occasion, which results in a regiment of continuing treatment . . . under the supervision of the health care provider." (Doc. 26-4, PageID 326). Dr. Tulloch went on to indicate on the forms that Plaintiff suffered from "Acute (severe) grief/loss condition[.]" These indications on Plaintiff's certification forms appear to directly contradict Dr. Tulloch's statement in his declaration.

Moreover, the same contradictions are apparent in Dr. Hoblit's records[1] and Dr. Kyprianou's declaration based on her review of those records. Dr. Hoblit indicated on Plaintiff's certification form that Plaintiff's condition qualified as a serious health condition because it required a "period of absence to receive multiple treatments . . . by a health care provider . . . for a condition that would likely result in a period of incapacity of more than three consecutive calendar days in the absence of medical intervention or treatment[.]" On the other hand, Dr. Kyprianou's declaration, based on her review of Dr. Hoblit's records and certification, reaches the conclusion that Plaintiff was not suffering from a serious health condition.

---

[1] The Court did not consider and will make no reference to Dr. Hoblit's affidavit (Doc. 26-4) in light of Defendant's motion to strike that affidavit (Doc. 42).

The denial of FMLA leave about which the Plaintiff complains was in response to his second request, pertaining to absences in June 2007. Plaintiff relied on his certifications from Dr. Tulloch for his absences from May 21 through June 3, Plaintiff was also apparently absent from his job June 4 through June 17. Plaintiff again visited Dr. Tulloch on June 7 and/or June 8. On June 8 Dr. Tulloch signed the second certification of Plaintiff's serious health condition but did not indicate what leave was recommended although he still indicated on the certification that Plaintiff was suffering from a serious health condition. Aside from this second certification and Plaintiff's brief mention of a DISD policy allowing Plaintiff additional time off to submit a form certifying that he was fit to return to his job, neither party has adequately explained this absence so as to favor either the Defendant's motion or Plaintiff's response. The Court must therefore draw an inference favorable to Plaintiff, the non-movant, that this absence was due to Dr. Tulloch's June 8 certification and/or the DISD policy mentioned by Plaintiff. Plaintiff's absences from June 18 through June 28 are based on his certification from Dr. Hoblit.

When ruling on a motion for summary judgment, the Court must view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Ragas*, 136 F.3d at 458. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. 254-55. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Anderson*, 477 U.S. at 250.

4

The Court finds that there are genuine issues of material fact as to whether or not Plaintiff suffered from a serious health condition within the meaning of the FMLA. Plaintiff's medical records from Drs. Tulloch and Hoblit seem to indicate that they diagnosed Plaintiff as suffering from a serious health condition but Dr. Tulloch says the opposite in his declaration and Dr. Kyprianou's review of Hoblit's records leads her to conclude the opposite of what the records indicate. Lastly, the Court must infer, in the Plaintiff's favor, that the absence of June 4 through June 17 was explained by Dr. Tulloch's certification and/or DISD policy. Accordingly, for the reasons outlined above, Defendant's motion for summary judgment should be and is hereby **DENIED**. Defendant's motion to strike the affidavit of Dr. David Hoblit is **DENIED** as moot since the Court did not refer to or rely on Dr. Hoblit's affidavit.

      **SO ORDERED** on this **15th** day of **May 2010.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**