1                IN THE UNITED STATES DISTRICT COURT

2               FOR THE NORTHERN DISTRICT OF TEXAS

3                       DALLAS DIVISION

4    IAN O. JOHNSON,                ) CASE NO. 3:08-CV-2215-O
                                    )
5            Plaintiff,             )
                                    ) DALLAS, TEXAS
6    VERSUS                         )
                                    ) JULY 21, 2010
7    DALLAS INDEPENDENT SCHOOL      )
     DISTRICT,                      )
8                                   )
             Defendant.             ) 11:58 A.M.
9

10                       VOLUME 1 OF 1
                  TRANSCRIPT OF EMERGENCY HEARING
11             BEFORE THE HONORABLE REED O'CONNOR
                UNITED STATES DISTRICT COURT JUDGE
12

13   A P P E A R A N C E S:

14   FOR THE PLAINTIFF:      MR. STEVEN E. CLARK
                             MR. ZAC DUFFY
15                           Kennedy Clark & Williams, PC
                             1700 Pacific Avenue, Suite 1280
16                           Dallas, Texas  75201
                             Telephone:  214.979.1122
17
     FOR THE DEFENDANT:      MS. RAMONA SOTO
18                           MR. WILLIAM E. HAMMEL
                             Godwin Ronquillo, PC
19                           1201 Elm Street, Suite 1700
                             Dallas, Texas  75270
20                           Telephone:  214.939.4612

21   COURT REPORTER:         DEBRA G. SAENZ, CSR, RMR, CRR
                             4621 S. Cooper Street, #131-184
22                           Arlington, Texas  76017
                             Telephone:  214.642.7267
23                           E-Mail:  debbie.saenz@yahoo.com

24   Proceedings reported by mechanical stenography, transcript

25   produced by computer.

1                          **I N D E X**

2       **PROCEEDING**                                    **PAGE**

3       Court's Ruling on Motion for Leave................    03

4       Motion to Dismiss

5              Argument by Mr. Hammel......................    06

6              Argument by Mr. Clark.......................    11

7              Court's Ruling..............................    13

8       Motion for Continuance

9              Argument by Ms. Soto........................    16

10             Argument by Mr. Clark.......................    20

11             Court's Ruling..............................    23

12      Reporter's Certificate............................    25

13      Word Index........................................    26

14

15

16

17

18

19

20

21

22

23

24

25

1                      **P R O C E E D I N G S**

2                   July 21, 2010 – 11:58 a.m.

3          *THE COURT:*  Okay.  I call Johnson versus DISD, Case

4    Number 3:08-CV-2215.

5             Okay.  Mr. Clark and Mr. Duffy?

6          *MR. CLARK:*  Yes, Your Honor.

7          *THE COURT:*  Very good.  Who is here for DISD?  Are

8    you Ms. Soto?

9          *MS. SOTO:*  Yes, sir.

10         *THE COURT:*  Okay.  Are you taking the lead?

11         *MS. SOTO:*  No.

12         *MR. HAMMEL:*  Your Honor, my name is William Hammel.

13   I will be taking the lead today.  I filed a notice of

14   appearance, I believe, yesterday.

15         *THE COURT:*  All right, Mr. Hammel.

16         *MS. SOTO:*  And I will be addressing the motion to

17   continue.

18         *THE COURT:*  Okay.  Well, I want to talk to you about

19   that when we get to it.

20            [Okay.  Now, with respect to the Motion for Leave to

21   Amend the DISD's Answer, I find as follows:

22            Because DISD's request to amend its answer occurs

23   after the expiration of the deadline for allowing amended

24   pleadings, DISD is required to establish good cause.  There

25   are four factors relevant to this.  DISD must show:

1            One, the explanation for the failure to timely move

2    for leave to amend;

3            Number two, the importance of the amendment;

4            Three, the potential prejudice in allowing the

5    amendment;

6            And four, the availability of a continuance to cure

7    such prejudice -- or the DISD needs to address these issues.

8            Addressing these issues, I find and conclude as

9    follows:

10           Number one, with respect to the explanation for the

11   failure to timely move for leave to amend, the Fifth Circuit

12   has previously indicated that Congress did not waive sovereign

13   immunity with respect to the self-help provision in the FMLA.

14           While it is true that the Texas Supreme Court

15   recently directly held that Congress did not waive sovereign

16   immunity for the self-help provision in FMLA, this does not

17   excuse DISD's failure to raise this defense earlier pursuant

18   to a preexisting Fifth Circuit authority.  This factor weighs

19   against allowing the amendment.

20           With respect to the second factor, the importance of

21   the amendment, this factor weighs in favor of the allowing the

22   amendment.  The defense DISD seeks to assert goes to the heart

23   of the balance between federal and state relations and would

24   ameliorate the damage -- the damage claims asserted by

25   plaintiff because, if proven, this defense deprives federal

1    courts of the power to hear a suit of this nature to the

2    extent it seeks damages.

3          With respect to the third prong, the potential

4    prejudice in allowing the amendment, this factor also weighs

5    in favor of permitting the amendment.  The amended defense

6    relates only to a legal issue, whether DISD is immune from

7    plaintiff's suit for damages.  While plaintiff asserts he

8    needs additional discovery to determine if DISD waived its

9    defense by conduct, he provides no basis for the belief that

10   DISD may have waived its defense by conduct.

11         The case he cites stands for the proposition that a

12   state entity that contracts with a private party may take

13   extraordinary acts that waive it's immunity by conduct, and

14   there is no showing that similar facts may exist in this case,

15   at least as stated in opposition.

16         And then finally, with respect to the availability

17   of a continuance to cure any prejudice, I find that for the

18   same reasons stated in the potential prejudice discussion,

19   this argument weighs in favor of permitting the amendment.  It

20   appears to go to a purely legal issue and there does not

21   appear to be a need for a continuance.

22         After balancing all of these factors, I find that

23   the amendment should be permitted, and DISD will be permitted

24   to amend its answer, and the amended answer attached to its

25   motion to leave -- Motion for Leave to Amend is deemed filed.

```
1              Now, I will hear whoever is going to take the lead

2       on arguing the motion to -- the Motion to Dismiss now.

3              MR. HAMMEL:  [May it please the Court?

4              THE COURT:  Yes.

5              MR. HAMMEL:  Thank you, Your Honor.

6              Again, my name is William Hammel.  I'm an attorney

7       for DISD.  As you mentioned, we're now here on a Motion to

8       Dismiss.  This is the amendment that the Court just allowed.

9              DISD filed a -- various Rule 12 motions.  We don't

10      exactly know the proper procedure to get this before the

11      Court, but we know it's one of them.  We believe this is a

12      matter of jurisdiction and we are moving for a complete

13      dismissal of all claims based upon immunity.

14             Now, in a response filed I believe either yesterday

15      or at the close of business the day before, plaintiffs were

16      raising some new issues here with respect to the application

17      of immunity.  They are citing a case, and I believe it's a

18      Texas Supreme Court case by the name of McKinney, and that is

19      in the pleadings and we have some extra copies for the Court

20      if the Court would like to see that.

21             But they are taking the position that the immunity

22      that we are trying -- that we are pleading in this case does

23      not apply because it does not apply to a school district such

24      as DISD.

25             We filed a reply this morning, tried to get a
```

1    courtesy copy to Your Honor, but we know that --

2             THE COURT:  I've read it.

3             MR. HAMMEL:  Oh, okay.  We think all of the cases

4    cited by the plaintiff here are distinguishable.  They are

5    blending the concepts of governmental immunity and sovereign

6    immunity, which we've set out for the Court is one and the

7    same.  They also bring -- make a distinction between liability

8    from suit versus liability from -- I'm sorry, immunity from

9    suit versus immunity from damages.  We are expressively not

10   making an immunity from suit challenge.  I believe that was

11   probably taken care of when we removed to this court.

12             So for a number of reasons, it looks like the

13   McKinney case does not apply to the situation, and especially

14   their -- the context of that case was a res judicata claim, a

15   res judicata defense, so the Court specifically found there

16   that they were dealing with liability from suit -- I'm sorry,

17   immunity from suit and not immunity from liability.

18             We think the Herrera case does apply to school

19   districts such as DISD, and that's about where we are, Your

20   Honor.

21             THE COURT:  The issue -- the plaintiff has sued DISD

22   for FMLA violations.

23             MR. HAMMEL:  Correct, yes.

24             THE COURT:  And the issue in the Supreme Court, the

25   Herrera Texas Supreme Court case, and in the Fifth Circuit

1    Nelson case, dealt with whether state sovereign immunity had

2    been waived when Congress passed the FMLA for the self-help

3    provision of the FMLA.

4              MR. HAMMEL:  For the limited Eleventh Amendment

5    immunity, yes, Your Honor, that's correct.

6              THE COURT:  And so isn't the question

7    whether -- based -- isn't the question then whether DISD is a

8    state, for purposes of Eleventh Amendment, when determining if

9    the plaintiff can recover damages from DISD under the FMLA?

10             MR. HAMMEL:  We do not think so, Your Honor.  We do

11   not intend to make a claim of immunity under the Eleventh

12   Amendment.  It's more of --

13             THE COURT:  So what did Herrera then decide with

14   respect to the FMLA and the suit that the plaintiff brought in

15   that case regarding the FMLA?

16             MR. HAMMEL:  That is what Herrera said, Your Honor,

17   that, here Eleventh Amendment immunity applied, and there

18   could not be a claim -- there was immunity from suit.

19             They also get into a discussion about immunity from

20   liability also, and in our reply, we at least tried to give

21   Your Honor the cases showing that, well, look, there is a

22   distinction between Eleventh Amendment immunity and just

23   general sovereign/governmental immunity.

24             So if this -- if we were making a claim purely under

25   Herrera and not asking the Court to take it, you know, read

1    into the -- read what Herrera is saying, see that it goes a

2    little beyond their one particular challenge, that is

3    what -- that is our position, Your Honor.

4             THE COURT:  So your -- so your argument is not

5    Eleventh Amendment immunity?

6             MR. HAMMEL:  No, Your Honor.  It's very similar and,

7    frankly, they're derived -- the immunity is -- I believe we

8    gave Your Honor the cases.  They are kind of derived from the

9    same thing, but it is a different claim.

10            THE COURT:  Uh-huh.  So can cities enact ordinances

11   that say we're sovereign and plaintiffs cannot recover money

12   damages from us under federal statutes, they can only recover

13   prospective relief?

14            MR. HAMMEL:  I believe so.

15            THE COURT:  So the City of Dallas then could pass an

16   ordinance that says the ADA applies to us, Americans with

17   Disabilities Act applies to us.

18            MR. HAMMEL:  Uh-huh, yes, sir.

19            THE COURT:  And we're going to try to comply with

20   the ADA, but where we do not comply with the ADA, a plaintiff

21   cannot obtain money damages from us if we violate the terms of

22   the ADA and damage a plaintiff, but a plaintiff can certainly

23   recover prospective relief from us.  They can force us to

24   change our policies, or put in a ramp, or something like that.

25            MR. HAMMEL:  Yes, Your Honor.

1          THE COURT:  Do you believe that a city -- that

2  Dallas could properly do that?

3          MR. HAMMEL:  I think that does get back to the

4  Fourteenth Amendment and can Congress validly abrogate that

5  immunity.  So, yes, I do believe that the city can do that.  I

6  don't know how long it would survive though.

7          THE COURT:  And you don't know how long that would

8  survive --

9          MR. HAMMEL:  In light --

10          THE COURT:  And why do you say that?

11          MR. HAMMEL:  -- of a challenge.

12          THE COURT:  What would the challenge be?

13          MR. HAMMEL:  Well, it depends on the legal nature of

14  the challenge.  If it was a pure Eleventh Amendment immunity

15  claim then we believe there would be a distinction between

16  liability from suit and liability from damages.

17          THE COURT:  Yeah, but it's a city.  It's not the

18  state.

19          MR. HAMMEL:  I'm sorry, Your Honor.

20          THE COURT:  So the City of Dallas would lose if

21  their defense in that case would be an Eleventh Amendment

22  defense?

23          MR. HAMMEL:  I believe so, yes, Your Honor.

24          THE COURT:  And so what other challenge then would

25  this -- what other defense would the city raise in a challenge

1    by a plaintiff who brings a case that says Congress has said

2    I'm entitled to damages?

3         *MR. HAMMEL:*  Well, I mean -- I'm sorry.  Can Your

4    Honor repeat the question?

5         *THE COURT:*  So what other defense would the city

6    raise to support the ordinance that they have implemented?

7         *MR. HAMMEL:*  A broader governmental sovereign

8    immunity that we're citing to in our reply.

9         *THE COURT:*  All right.  Very good.  Thank you.

10        *MR. HAMMEL:*  Thank you, Your Honor.

11        *THE COURT:*  Okay.  Who is going to take the argument

12   for the plaintiff?

13        *MR. CLARK:*  [I will, Your Honor.

14        I'm somewhat confused by DISD's position because if

15   I look at their motion, they are urging an absolute defense of

16   immunity to liability based on the Herrera decision.  Herrera

17   decided the issue, at least for Texas, as it relates to the

18   self-care provisions of the FMLA in terms of recovery of

19   damages against the state under the Eleventh Amendment.

20        We have cited to you the McKinney case, which is

21   another Texas Supreme Court case that is pretty clear that the

22   state Eleventh Amendment immunity defense does not carry down

23   to cities, counties, or school districts.  And the McKinney

24   case cites --

25        *THE COURT:*  But I gather he's saying he is not

1    claiming Eleventh Amendment immunity.  He is claiming official

2    or governmental immunity.

3         *MR. CLARK:*  I don't see that defense asserted in the

4    Motion to Dismiss, nor do I believe that defense is applicable

5    given the fact that all the cases that have dealt with the

6    issue of the FMLA and the self care and whether Congress

7    intended to waive immunity have recognized that Congress, in

8    enacting the FMLA, clearly intended to waive immunity.

9         The issue is, under the Fourteenth Amendment in

10   Section 5, whether they validly could abrogate the immunity of

11   the states for a suit for damages under the self-care

12   provision against a state entity under the Eleventh Amendment.

13        So if that is not the defense they are urging, then

14   I don't know what their argument is because, basically, what

15   McKinney holds, and the Fifth Circuit held in the Lopez case,

16   which was cited by McKinney, and Judge Fish decided in the

17   Chapman case, which we also cited in our brief, they all

18   basically say the same thing, which is that the school

19   district is amenable to a suit under federal law for damages.

20        They are not considered an agency of the state for

21   purposes of a suit for damages based on federal law.  We have

22   sued for damages based on the FMLA.  If they don't have an

23   Eleventh Amendment immunity defense from that suit for

24   damages, then we are entitled to go forward with our FMLA

25   claim.

1          I might point out, too, that the Fifth Circuit in

2     the Nelson case dealt with the issue of prescriptive relief,

3     and specifically the issue of whether or not reinstatement

4     would be allowed even if the Eleventh Amendment barred a suit

5     for damages under this self-care provision, and the Fifth

6     Circuit held that it would under the Ex Parte Younger

7     exception.  So --

8          THE COURT:  So you're saying that you -- even if I

9     grant their motion, that you still have a case for prospective

10    relief, that is, reinstatement of your claim?

11         MR. CLARK:  Pursuant to Nelson, but I think we have

12    a claim for damages as well.  Because if they don't have the

13    Eleventh Amendment defense, there is no question Congress

14    enacted the FMLA to express -- there was an express abrogation

15    of immunity.  And so if they are not considered an agency of

16    the state under the Eleventh Amendment, they are amenable to

17    suit under a federal statute in federal court, and that's the

18    clear holding of McKinney, and Lopez versus Houston ISD, and

19    the Chapman Dallas County Commissioner's Court case.

20         THE COURT:  All right.  Crystal?

21         (Off-the-record bench conference with law clerk)

22         THE COURT:  [Okay.  I will now address the merits of

23    the sovereign immunity defense.  The U.S. Supreme Court has

24    stated that in determining whether a defendant is entitled to

25    protection from federal suit under the Eleventh Amendment, a

1    Court first looks to state law to determine the

2    characterization of the defendant.  And that cite for that

3    proposition is Mount Healthy City School District Board of

4    Education v. Doyle 429 U.S. 274, 1977.

5          The bar of the Eleventh Amendment to suit in federal

6    courts extends to states and state officials in appropriate

7    circumstances, but does not extend to counties and similar

8    municipal corporations.

9          So with respect to the Eleventh Amendment, the issue

10   turns on whether DISD is treated as an arm of the state

11   partaking of the state's Eleventh Amendment immunity, or is

12   instead to be treated as municipal corporation or other

13   political subdivision to which the Eleventh Amendment does not

14   extend.  Under the Eleventh Amendment, the answer depends, at

15   least in part, upon the nature of the entity created by state

16   law.

17         I'll now turn to the characterization of an

18   independent school district under Texas law.  The Texas

19   Supreme Court has held that a Texas independent school

20   district is more like a city or county than it is like an arm

21   of the State of Texas.  Therefore, the Texas Supreme Court has

22   held that under Texas law, an independent school district is

23   amenable to suit in federal court under the Eleventh Amendment

24   to the United States Constitution.  And that is found at San

25   Antonio Independent School District v. McKinney, 936 S.W.2d

1    279, 1996.

2              Because independent school districts in Texas are

3    not considered arms of the State of Texas for Eleventh

4    Amendment purposes, DISD may not successfully assert Eleventh

5    Amendment immunity from suit in federal courts as DISD

6    concedes is true in this hearing.

7              And the plaintiff cites Judge Fish finding a similar

8    result as well, and so I don't need to recite that particular

9    since the DISD is not asserting Eleventh Amendment immunity in

10   this case.

11             Meyers -- DISD does cite Meyers v. Texas in the

12   Fifth Circuit in support of its claim.  It appears to me that

13   the Meyers citation or reliance on Meyers is misplaced.

14   Meyers holds that a state defendant waives its sovereign

15   immunity when it removes a case from state court to federal

16   court.

17             There, Meyers -- the Meyers case says that the law

18   of each state determines the nature of its immunities; thus,

19   it is possible that a state may retain a separate immunity

20   from liability after waiver of its immunity from suit.  Meyers

21   explains that even when a state waives its sovereign immunity,

22   for example, by removing the case to federal court, it may

23   still assert any state statute that makes it immune from

24   liability.

25             Here, DISD is not a state actor.  Even so, and even

1    affording DISD the argument that it's not moving for Eleventh

2    Amendment dismissal, but for another immunity dismissal, I

3    find that the defendant DISD has pled sovereign immunity and

4    that seems to indicate the Eleventh Amendment argument.  But

5    even so, DISD has not identified another state law that

6    otherwise limits its liability.

7              Rather, DISD has pointed only to the Herrera Texas

8    Supreme Court case.  Herrera's holding is not adequate to

9    support DISD's position.  Herrera holds that a state enjoys

10   Eleventh Amendment immunity from private damage suits under

11   the self-care provision of FMLA.  Herrera does not provide

12   immunity from liability and does not otherwise limit

13   liability.

14             As DISD has not identified any other provision of

15   Texas law that limits its liability, I find its Motion to

16   Dismiss should be denied.  So that will be my ruling on the

17   Emergency Motion to Dismiss.

18             All right.  Ms. Soto, let me hear from you on why

19   your continuance should be granted.

20             *MS. SOTO:*  [Your Honor, currently --

21             *THE COURT:*  Come on over to the podium, please.

22             *MS. SOTO:*  Mr. Ronquillo couldn't be here because

23   right now we're still picking a jury, so we have had several

24   delays in our Granoff trial.

25             *THE COURT:*  Now, as I recall, one of the reasons we

1    set next week for your trial was because the trial this week

2    was specially set, but it doesn't sound like a very special

3    setting if you haven't started --

4              MS. SOTO:  That's correct.  We have had --

5              THE COURT:  -- on the date you were specially set.

6              MS. SOTO:  Right.

7              THE COURT:  And so why is it now that I need to bump

8    this case again, because I've already bumped it one time.

9              MS. SOTO:  I understand.

10             THE COURT:  Why is it that I need to bump this case

11   again, when I specially set the case, and I specially set it

12   on this date to accommodate for your pregnancy and to

13   accommodate Mr. Ronquillo's trial schedule, other -- with

14   respect to other settings, including this setting.

15             MS. SOTO:  Yes.  Well, we were specially set on the

16   12th.  There's been delays.

17             THE COURT:  What were the delays?

18             MS. SOTO:  The delays were the Judge didn't start on

19   the 12th.

20             THE COURT:  Why is that?

21             MS. SOTO:  We were not given a reason.  They

22   just -- the court called and said, we're not starting Monday,

23   the 12th.  Go ahead and show up Tuesday at 9:00, and then we

24   got another call saying show up at 1:30, and then there's been

25   delays ever since.

1              And in state court, Judge Tobolowsky does not do

2       Fridays, so we only had Wednesday and Thursday for pretrial

3       motions and half-day Thursday because she had -- she had to

4       get ready for the docket on Friday.

5              So we started picking a jury late, and we're still

6       doing that currently, so I had to get out of that trial to

7       address this Motion for Continuance.

8              THE COURT:  Well, is there other lawyers who can try

9       this case?

10             MS. SOTO:  Yes.

11             THE COURT:  At your firm?

12             MS. SOTO:  Yes.

13             THE COURT:  And they are ready to try it?

14             MS. SOTO:  This case?

15             THE COURT:  DISD versus Johnson -- or Johnson versus

16      DISD.

17             MS. SOTO:  Well, we only have one other attorney on

18      this case, so, no, because I'm on the Granoff team as well, so

19      Mr. Ronquillo and I are not available.

20             THE COURT:  Well, is there anyone else in your firm

21      who can try that case?

22             MS. SOTO:  Yes, there is.  There is one other

23      attorney that can try some of the case, but Mr. Ronquillo is

24      taking on most of the major witnesses.

25             But we're ready on this case.  It's just the delays

1  from that other case.

2           THE COURT:  Well, but you want a 90-day continuance?

3           MS. SOTO:  Well, only because we had another trial,

4  but that's cleared up, so we have all of August, except for

5  the 2nd.

6           THE COURT:  Well, what -- when -- the -- the case

7  that you're, I guess, in trial in right now at state court is

8  going to last a week?

9           MS. SOTO:  Probably two weeks.

10          THE COURT:  Well, then how was -- how is it then

11 that I was able to set, specially set, Johnson versus DISD on

12 Monday, when you were scheduled to start this -- when did you

13 start?

14          MS. SOTO:  It was for two weeks, so it would have

15 been --

16          THE COURT:  So you started this case last week?

17          MS. SOTO:  Yes.  We started it last week, and we

18 have had several delays, and so now we're really starting this

19 week.  So we lost a week and a half, basically, and that's why

20 we only asked for a couple of days because we thought it will

21 spill in a couple of days, but we're ready to go, and now that

22 it's been delayed once again, we're thinking we probably need

23 the first week of August.

24          So we asked for 90 days only because we have another

25 trial set, but that has cleared since, since we filed.  So

1    we're asking for a very short delay, basically.

2            THE COURT:  All right.  Let me hear from the

3    plaintiff.

4            MR. CLARK:  [Your Honor, we -- we didn't oppose

5    their request for a continuance based on what I understand the

6    situation to be in the Granoff trial, because I understand

7    that Mr. Ronquillo is lead counsel, both in that case and this

8    case.  And having been a litigator for 30 years, I understand

9    the conflict issue in terms of not being able to be in the

10   same place.

11           THE COURT:  Well, they had asked for a 90 days, and

12   you were unopposed to 90 days, and now they are asking for a

13   few days.  Are you unopposed to a few days?

14           MR. CLARK:  Well, I'm not unopposed to doing this

15   trial in August.  I just agreed to reset an arbitration

16   hearing to August the 11th and so that -- the two conflicts

17   that I have in August, that I would at least bring to the

18   Court's attention, is a resetted -- a reset arbitration

19   hearing for the 11th.

20           If need be, I can go back and see if we can get it

21   moved again, but it's under the expedited rules.  And then I

22   have a major bankruptcy motion hearing that's been set on the

23   24th.

24           So if we were to do it the week of the 16th, I

25   don't know what the Court's availability is, but I could do it

1    that week.  If we're looking at the week of the 9th, then I'm

2    going to have to see if I can get this arbitration hearing

3    moved again.  It was set originally in June.  We cleared it

4    out because of the conflicting settings, got reset to early

5    July, they had a conflict, and now we're in August.

6              THE COURT:  All right.  And when is this trial in

7    the state court going to be over?

8              MS. SOTO:  We're hoping it will be over probably the

9    4th.

10             THE COURT:  Of August?

11             MS. SOTO:  Or sooner, yes.

12             THE COURT:  Tyler, what --

13             (Off-the-record bench conference with courtroom

14             deputy).

15             THE COURT:  Okay.  All right.  What about the 30th

16   of August?  Wait, wait, wait, wait.

17             (Off-the-record bench conference with courtroom

18             deputy).

19             THE COURT:  What about September 13th?

20             MR. CLARK:  Your Honor, I'm set for trial in Judge

21   Folsom's court the 13th and 14th.

22             THE COURT:  Two days?

23             MR. CLARK:  Two days.

24             THE COURT:  Two-day trial?

25             MR. CLARK:  Uh-huh.  It's to the Court.

1          *THE COURT:*  To the Court.  What about the 20th?

2          *MR. CLARK:*  I'm open.

3          *THE COURT:*  Okay.  Ms. Soto?

4          *MS. SOTO:*  Again, Mr. Ronquillo is open, but I won't

5    be.  That's why I wanted to do it in August.

6          *THE COURT:*  The problem is --

7          *MS. SOTO:*  I understand.

8          *THE COURT:*  I got you a date that you can't make and

9    you are -- which is why I -- my memory is why we set it for

10   this date and, otherwise, you're -- unless you're asking me to

11   reset other trials that I've got set, and really the only

12   trials that I have set in August are criminal trials, which I

13   can't just reset.

14          So I just -- you said you cannot be here on

15   August 9th, right, or August -- what day could you not be

16   here?

17          *MR. CLARK:*  I have an arbitration hearing set on

18   August the 11th.

19          *THE COURT:*  The 11th, okay.  And how long does

20   that last?

21          *MR. CLARK:*  It's a one-day hearing.

22          *THE COURT:*  Okay.  Well, why don't we try it the

23   9th and start it -- how long is this trial going to be?

24          *MR. CLARK:*  I would think --

25          *MS. SOTO:*  We estimated four days, Your Honor.

1          *MR. CLARK:*  I would say three to four days.

2          *THE COURT:*  All right.  Well, why don't we start it

3     on August 9th.  Are you ready on your arbitration or are you

4     going to be ready to where you could start the 9th, 10th, take

5     off the 11th, and come back the 12th?

6          *MR. CLARK:*  If I have to.  I mean, I've got -- we

7     have depositions in that case on the 6th that are already

8     scheduled.  I think --

9          *THE COURT:*  Okay.  Well, do you want it on the 9th

10    or -- do you want August 9th or do you want it in September?

11    Because that's the only way I can fit it in in August.

12         *MR. CLARK:*  Right.  I mean, the September date works

13    better for me.  I'm willing to go and see if we can get the

14    arbitration hearing moved, and if I can get it moved, then I'm

15    willing to do it on the 9th.

16         *THE COURT:*  Okay.  This is set for trial beginning

17    at 9:00 a.m., Friday, September 17th, 2010.

18         So order the jury for that day.

19         *COURTROOM DEPUTY:*  Yes, sir.

20         *THE COURT:*  And if you both are able to and

21    want -- if you want to move it to the August 9 date, then you

22    have to file an agreed motion to move it to August 9th.  And

23    if you file an agreed motion, I'll move it to August 9th.

24    But if it's not agreed to, the trial is set in September.

25         *MR. CLARK:*  The 17th?

1           *COURTROOM DEPUTY:*  Yes, sir.

2           *THE COURT:*  Okay.

3           *MS. SOTO:*  You said the 13th?  September 13th?

4           *THE COURT:*  No, 17th.  Friday, September 17th at

5     9:00 a.m.

6           *MR. CLARK:*  Will we -- will we be working that

7     Saturday as well in trial or just pick a jury and --

8           *THE COURT:*  No.  No.  We'll pick a jury at nine in

9     the morning and we'll start testimony, and then we'll see if

10    we need to work over the weekend or not.

11          *MR. CLARK:*  Okay.

12          *THE COURT:*  We'll see how far we get.

13          *MR. CLARK:*  All right.

14          *THE COURT:*  Is that a problem?

15          *MR. CLARK:*  No.  No.  I just wanted to get an idea

16    in terms of schedules and trying to plan ahead of time.

17          *THE COURT:*  So anything else?

18          *MR. CLARK:*  Nothing else.

19          *MS. SOTO:*  No, Your Honor.

20          *MR. HAMMEL:*  No, Your Honor.

21          *THE COURT:*  Okay.  Then we're in recess.  Thank you.

22          *COURT SECURITY OFFICER:*  All rise.

23          *(End of Proceedings)*

24

25

1                    **REPORTER'S CERTIFICATE**

2        I, Debra G. Saenz, CSR, RMR, CRR, certify that the

3   foregoing is a true and correct transcript from the record

4   of proceedings in the foregoing entitled matter.

5        I further certify that the transcript fees format

6   comply with those prescribed by the Court and the Judicial

7   Conference of the United States.

8        Signed this 3rd day of August, 2010.

9

10                          /s/ Debra G. Saenz

11                          DEBRA G. SAENZ, CSR, RMR, CRR
                            Texas CSR No. 3158
12                          Temporary Official Court Reporter
                            The Northern District of Texas
13                          Fort Worth Division

14

15  CSR Expires:        12/31/11

16  Business Address:   DFW Court Reporting, Inc.
                        4621 S. Cooper St., #131-184
17                      Arlington, Texas   76017

18

19  Telephone:          214.642.7267

20  E-Mail Address:     debbie.saenz@yahoo.com

21

22

23

24

25

---

-
- now [1]  22/23

/
/s [1]  25/10

0
03 [1]  2/3
06 [1]  2/5

1
10th [1]  23/4
11 [2]  2/6 25/15
11:58 [2]  1/8 3/2
11th [5]  20/16 20/19 22/18 22/19 23/5
12 [1]  6/9
12/31/11 [1]  25/15
1201 [1]  1/19
1280 [1]  1/15
12th [4]  17/16 17/19 17/23 23/5
13 [1]  2/7
131-184 [2]  1/21 25/16
13th [4]  21/19 21/21 24/3 24/3
14th [1]  21/21
16 [1]  2/9
16th [1]  20/24
1700 [2]  1/15 1/19
17th [4]  23/17 23/25 24/4 24/4
184 [2]  1/21 25/16
1977 [1]  14/4
1996 [1]  15/1
1:30 [1]  17/24

2
20 [1]  2/10
2010 [4]  1/6 3/2 23/17 25/8
20th [1]  22/1
21 [2]  1/6 3/2
214.642.7267 [2]  1/22 25/19
214.939.4612 [1]  1/20
214.979.1122 [1]  1/16
2215 [1]  3/4
23 [1]  2/11
24th [1]  20/23
25 [1]  2/12
26 [1]  2/13
274 [1]  14/4
279 [1]  15/1
2nd [1]  19/5

3
30 [1]  20/8
30th [1]  21/15
3158 [1]  25/11
3:08-CV-2215 [1]  3/4
3:08-CV-2215-O [1]  1/4
3rd [1]  25/8

4
429 [1]  14/4
4621 [2]  1/21 25/16
4th [1]  21/9

6
6th [1]  23/7

7
75201 [1]  1/16
75270 [1]  1/19
76017 [2]  1/22 25/17

9
90 [3]  19/24 20/11 20/12

90-day [1]  19/2
936 [3]  14/25
9th [1]  17/23
9:00 a.m [1]  1/8
9:00 a.m [2]  23/17 24/5
9th [9]  21/1 22/15 23/3 23/4 23/9 23/10
  23/15 23/22 23/23
9th and [1]  22/23

A
a.m [4]  3/1 3/2 23/17 24/5
able [3]  19/11 20/9 23/20
about [6]  3/18 7/19 8/19 21/15 21/19
  22/1
abrogate [2]  10/4 12/10
abrogation [1]  13/14
absolute [1]  11/15
accommodate [2]  17/12 17/13
Act [1]  9/17
actor [1]  15/25
acts [1]  5/13
ADA [4]  9/16 9/20 9/20 9/22
additional [1]  5/8
address [5]  4/7 13/22 18/7 25/16 25/20
addressing [2]  3/16 4/8
adequate [1]  16/8
affording [1]  16/1
after [3]  3/23 5/22 15/20
again [7]  6/6 17/8 17/11 19/22 20/21
  21/3 22/4
against [3]  4/19 11/19 12/12
agency [2]  12/20 13/15
agreed [4]  20/15 23/22 23/23 23/24
ahead [2]  17/23 24/16
all [16]  3/15 5/22 6/13 7/3 11/9 12/5
  12/17 13/20 16/18 19/4 20/2 21/6 21/15
  23/2 24/13 24/22
allowed [2]  6/8 13/4
allowing [5]  3/23 4/4 4/19 4/21 5/4
already [2]  17/8 23/7
also [5]  5/4 7/7 8/19 8/20 12/17
ameliorate [1]  4/24
amenable [3]  12/19 13/16 14/23
amend [6]  3/21 3/22 4/2 4/11 5/24 5/25
amended [3]  3/23 5/5 5/24
amendment [41]
Americans [1]  9/16
another [6]  11/21 16/2 16/5 17/24 19/3
  19/24
answer [5]  3/21 3/22 5/24 5/24 14/14
Antonio [1]  14/25
any [3]  5/17 15/23 16/14
anyone [1]  18/20
anything [1]  24/17
appear [1]  5/21
appearance [1]  3/14
appears [2]  5/20 15/12
applicable [1]  12/4
application [1]  6/16
applied [1]  8/17
applies [2]  9/16 9/17
apply [4]  6/23 6/23 7/13 7/18
appropriate [1]  14/6
arbitration [6]  20/15 20/18 21/2 22/17
  23/3 23/14
are [30]
are -- which [1]  22/9
arguing [1]  6/2
argument [10]  2/5 2/6 2/9 2/10 5/19 9/4
  11/11 12/14 16/1 16/4
Arlington [2]  1/22 25/17
arm [2]  14/10 14/20
arms [1]  15/3
as [16]  3/21 4/8 5/15 6/7 6/24 7/19

11/17 13/12 14/10 14/12 15/5 15/8
16/14 16/25 19/18 24/7
asked [3]  19/20 19/24 20/11
asking [4]  8/25 20/1 20/12 22/10
assert [3]  4/22 15/4 15/23
asserted [2]  4/24 12/3
asserting [1]  15/9
asserts [1]  5/7
attached [1]  5/24
attention [1]  20/18
attorney [3]  6/6 18/17 18/23
August [20]  19/4 19/23 20/15 20/16
  20/17 21/5 21/10 21/16 22/5 22/12
  22/15 22/15 22/18 23/3 23/10 23/11
  23/21 23/22 23/23 25/8
August -- what [1]  22/15
August 9 [1]  23/21
August 9th [5]  22/15 23/3 23/10 23/22
  23/23
authority [1]  4/18
availability [3]  4/6 5/16 20/25
available [1]  18/19
Avenue [1]  1/15

B
back [3]  10/3 20/20 23/5
balance [1]  4/23
balancing [1]  5/22
bankruptcy [1]  20/22
bar [1]  14/5
barred [1]  13/4
based [6]  6/13 8/7 11/16 12/21 12/22
  20/5
basically [4]  12/14 12/18 19/19 20/1
basis [1]  5/9
be [26]
because [18]  3/22 4/25 6/23 11/14
  12/14 13/12 15/2 16/22 17/1 17/8 18/3
  18/18 19/3 19/20 19/24 20/6 21/4 23/11
been [7]  8/2 17/16 17/24 19/15 19/22
  20/8 20/22
before [3]  1/11 6/10 6/15
beginning [1]  23/16
being [1]  20/9
belief [1]  5/9
believe [12]  3/14 6/11 6/14 6/17 7/10
  9/7 9/14 10/1 10/5 10/15 10/23 12/4
bench [3]  13/21 21/13 21/17
better [1]  23/13
between [4]  4/23 7/7 8/22 10/15
beyond [1]  9/2
blending [1]  7/5
Board [1]  14/3
both [2]  20/7 23/20
brief [1]  12/17
bring [2]  7/7 20/17
bring -- make [1]  7/7
brings [1]  11/1
broader [1]  11/7
brought [1]  8/14
bump [2]  17/7 17/10
bumped [1]  17/8
business [2]  6/15 25/16

C
call [2]  3/3 17/24
called [1]  17/22
can [17]  8/9 9/10 9/12 9/22 9/23 10/4
  10/5 11/3 18/8 18/21 18/23 20/20 20/20
  21/2 23/11 23/13 23/14
can't [2]  22/8 22/13
cannot [3]  9/11 9/21 22/14
care [6]  7/11 11/18 12/6 12/11 13/5

## C

café... [1]  16/11
carry [1]  11/22
case [43]
cases [4]  7/3 8/21 9/8 12/5
cause [1]  3/24
certainly [1]  9/22
Certificate [2]  2/12 25/1
certify [1]  25/2 25/5
challenge [7]  7/10 9/2 10/11 10/12 10/14 10/24 10/25
change [1]  9/24
Chapman [2]  12/17 13/19
characterization [2]  14/2 14/17
Circuit [7]  4/11 4/18 7/25 12/15 13/1 13/6 15/12
circumstances [1]  14/7
citation [1]  15/13
cite [2]  14/2 15/11
cited [4]  7/4 11/20 12/16 12/17
cites [3]  5/11 11/24 15/7
citing [2]  6/17 11/8
city [9]  9/15 10/1 10/5 10/17 10/20 10/25 11/5 14/3 14/20
claim [10]  7/14 8/11 8/18 8/24 9/9 10/15 12/25 13/10 13/12 15/12
claim -- there [1]  8/18
claiming [2]  12/1 12/1
claims [2]  4/24 6/13
CLARK [5]  1/14 1/15 2/6 2/10 3/5
clear [2]  5/9 5/10 5/13
cleared [3]  19/4 19/25 21/3
clearly [1]  12/8
clerk [1]  13/21
close [1]  6/15
come [2]  16/21 23/5
Commissioner's [1]  13/19
complete [1]  6/12
comply [3]  9/19 9/20 25/6
computer [1]  1/25
concedes [1]  15/6
concepts [1]  7/5
conclude [1]  4/8
conduct [3]  5/9 5/10 5/13
conference [4]  13/21 21/13 21/17 25/7
conflict [2]  20/9 21/5
conflicting [1]  21/4
conflicts [1]  20/16
confused [1]  11/14
Congress [8]  4/12 4/15 8/2 10/4 11/1 12/6 12/7 13/13
considered [3]  12/20 13/15 15/3
Constitution [1]  14/24
context [1]  7/14
continuance [8]  2/8 4/6 5/17 5/21 16/19 18/7 19/2 20/5
continue [1]  3/17
contracts [1]  5/12
Cooper [2]  1/21 25/16
copies [1]  6/19
copy [1]  7/1
corporation [1]  14/12
corporations [1]  14/8
correct [7]  7/23 8/5 17/4 25/3
couldn't [1]  16/22
counsel [1]  20/7
counties [1]  11/23 14/7
county [2]  13/19 14/20
couple [2]  19/20 19/21

## D (first col continues)

court [38]
Courts [5]  2/3 2/7 2/11 28/18 20/25
courtesy [1]  7/1
courtroom [2]  21/13 21/17
courts [3]  5/1 14/6 15/5
created [1]  14/15
criminal [1]  22/12
CRR [3]  1/21 25/2 25/11
Crystal [1]  13/20
CSR [5]  1/21 25/2 25/11 25/11 25/15
cure [2]  4/6 5/17
currently [2]  16/20 18/6
CV [2]  1/4 3/4

## D

DALLAS [9]  1/3 1/5 1/7 1/16 1/19 9/15 10/2 10/20 13/19
damage [4]  4/24 4/24 9/22 16/10
damages [16]  5/2 5/7 7/9 8/9 9/12 9/21 10/16 11/2 11/19 12/11 12/19 12/21 12/22 12/24 13/5 13/12
date [6]  17/5 17/12 22/8 22/10 23/12 23/21
day [8]  6/15 18/3 19/2 21/24 22/15 22/21 23/18 25/8
days [11]  19/20 19/21 19/24 20/11 20/12 20/13 20/13 21/22 21/23 22/25 23/1
deadline [1]  3/23
dealing [1]  7/16
dealt [3]  8/1 12/5 13/2
debbie.saenz [2]  1/23 25/20
DEBRA [4]  1/21 25/2 25/10 25/11
decide [1]  8/13
decided [2]  11/17 12/16
decision [1]  11/16
deemed [1]  11/14
defendant [6]  1/8 1/17 13/24 14/2 15/14 16/3
defense [19]  4/17 4/22 4/25 5/5 5/9 5/10 7/15 10/21 10/22 10/25 11/5 11/15 11/22 12/3 12/4 12/13 12/23 13/13 13/23
delay [1]  20/1
delayed [1]  19/22
delays [7]  16/24 17/16 17/17 17/18 17/25 18/25 19/18
denied [1]  16/16
depends [2]  10/13 14/14
depositions [1]  23/7
deprives [1]  4/25
deputy [2]  21/14 21/18
derived [2]  9/7 9/8
determine [2]  5/8 14/1
determines [1]  11/18
determining [2]  8/8 13/24
DFW [1]  25/16
did [4]  4/12 4/15 8/13 19/12
didn't [2]  17/18 20/4
different [1]  9/9
directly [1]  4/15
Disabilities [1]  9/17
discovery [1]  5/8
discussion [2]  5/18 8/19
DISD [31]
DISD's [5]  3/21 3/22 4/17 11/14 16/9
Dismiss [6]  2/4 6/2 6/8 12/4 16/16 16/7
dismissal [2]  6/13 16/2 16/2
distinction [3]  7/7 8/22 10/15
distinguishable [1]  7/4
district [12]  1/1 1/2 1/7 1/11 6/23 12/19 14/3 14/18 14/20 14/22 14/25 25/12
districts [3]  7/19 11/23 15/2

## DIVISION

DIVISION [2]  1/3 25/13
do [17]  8/10 8/10 9/20 10/4 10/2 10/5 10/5 10/10 12/4 15/1 20/24 20/25 22/5 23/9 23/10 23/10 23/10
docket [1]  18/4
does [15]  4/16 5/20 6/22 6/23 7/13 7/18 10/3 11/22 14/7 14/13 15/11 16/11 16/12 18/1 22/19
doesn't [1]  17/2
doing [2]  18/6 20/14
don't [11]  6/9 10/6 10/7 12/3 12/14 12/22 13/12 15/8 20/25 22/22 23/2
down [1]  11/22
Doyle [1]  14/4
DUFFY [2]  1/14 3/5

## E

E-Mail [2]  1/23 25/20
each [1]  15/18
earlier [1]  4/17
early [1]  21/4
Education [1]  14/4
either [1]  6/14
Eleventh [29]
Elm [1]  1/19
else [3]  18/20 24/17 24/18
EMERGENCY [2]  1/10 16/17
enact [1]  9/10
enacted [1]  13/14
enacting [1]  12/8
End [1]  24/23
enjoys [1]  16/9
entitled [4]  11/2 12/24 13/24 25/4
entity [3]  5/12 12/12 14/15
especially [1]  7/13
establish [1]  3/24
estimated [1]  22/25
even [6]  13/4 13/8 15/21 15/25 15/25 16/5
ever [1]  17/25
Ex [1]  13/6
exactly [1]  6/10
example [1]  15/22
except [1]  19/4
exception [1]  13/7
excuse [1]  4/17
exist [1]  5/14
expedited [1]  20/21
expiration [1]  3/23
Expires [1]  25/15
explains [1]  15/21
explanation [2]  4/1 4/10
express [2]  13/14 13/14
express -- there [1]  13/14
expressively [1]  7/9
extend [2]  14/7 14/14
extends [1]  14/6
extent [1]  5/2
extra [1]  6/19
extraordinary [1]  5/13

## F

fact [1]  12/5
factor [4]  4/18 4/20 4/21 5/4
factors [2]  3/25 5/22
facts [1]  5/14
failure [3]  4/1 4/11 4/17
far [1]  24/12
favor [3]  4/21 5/5 5/19
federal [13]  4/23 4/25 9/12 12/19 12/21 13/17 13/17 13/25 14/5 14/23 15/5 15/15 15/22
fees [1]  25/5

**F**

fear [2] 20/13 20/13
Fifth [7] 4/11 4/18 7/25 12/15 13/1 13/5 15/12
file [2] 23/22 23/23
filed [6] 3/13 5/25 6/9 6/14 6/25 19/25
finally [1] 5/16
find [6] 3/21 4/8 5/17 5/22 16/3 16/15
finding [1] 15/7
firm [2] 18/11 18/20
first [2] 4/1 19/25
Fish [2] 12/16 15/7
fit [1] 23/11
FMLA [15] 4/13 4/16 7/22 8/2 8/3 8/9 8/14 8/15 11/18 12/6 12/8 12/22 12/24 13/14 16/11
follows [2] 3/21 4/9
Folsom's [1] 21/21
force [1] 9/23
foregoing [2] 23/5 25/4
format [1] 25/5
Fort [1] 25/13
forward [1] 12/24
found [2] 7/15 14/24
four [4] 3/25 4/6 22/25 23/1
Fourteenth [2] 10/4 12/9
frankly [1] 9/7
Friday [3] 18/4 23/17 24/4
Fridays [1] 18/2
from -- I'm [1] 7/8
further [1] 25/5

**G**

gather [1] 11/25
gave [1] 9/8
general [1] 8/23
get [13] 3/19 6/10 6/25 8/19 10/3 18/4 18/6 20/20 21/2 23/13 23/14 24/12 24/15
give [1] 8/20
given [2] 12/5 17/21
go [6] 5/20 12/24 17/23 19/21 20/20 23/13
Godwin [1] 1/18
goes [2] 4/22 9/1
going [8] 6/1 9/19 11/11 19/8 21/2 21/7 22/23 23/4
good [3] 3/7 3/24 11/9
got [5] 17/24 21/4 22/8 22/11 23/6
got -- we [1] 23/6
governmental [4] 7/5 8/23 11/7 12/2
Granoff [3] 16/24 18/18 20/6
grant [1] 13/9
granted [1] 16/19
guess [1] 19/7

**H**

had [11] 8/1 16/23 17/4 18/2 18/3 18/3 18/6 19/3 19/18 20/11 21/5
had -- she [1] 18/3
half [2] 18/3 19/19
half-day [1] 18/3
HAMMEL [5] 1/18 2/5 3/12 3/15 6/6
has [11] 4/12 7/21 11/1 13/23 14/19 14/21 16/3 16/5 16/7 16/14 19/25
have [26]
haven't [1] 17/3
having [1] 20/8
he [5] 5/7 5/9 5/11 11/25 12/1
he's [1] 11/25
Healthy [1] 14/3
hear [4] 5/1 6/1 16/18 20/2

hearing [9] 1/10 15/6 20/16 20/19 20/22 21/2 22/17 23/21 24/1
heart [1] 4/22
held [5] 4/15 12/15 13/6 14/19 14/22
help [3] 4/13 4/16 8/2
here [9] 3/7 6/7 6/16 7/8 8/17 15/25 16/22 22/14 22/16
Herrera [11] 7/18 7/25 8/13 8/16 8/25 9/1 11/16 11/16 16/7 16/9 16/11
Herrera's [1] 16/8
holding [2] 13/18 16/8
holds [3] 12/15 15/14 16/9
Honor [24] 3/6 3/12 6/5 7/1 7/20 8/5 8/10 8/16 8/21 9/3 9/6 9/8 9/25 10/19 10/23 11/4 11/10 11/13 16/20 20/4 21/20 22/25 24/19 24/20
HONORABLE [1] 1/11
hoping [1] 21/8
Houston [1] 1/17
how [7] 10/6 10/7 19/10 19/10 22/19 22/23 24/12
huh [3] 9/10 9/18 21/25

**I**

I -- my [1] 22/9
I'll [2] 14/17 23/23
I'm [14] 6/6 7/8 7/16 10/19 11/2 11/3 11/14 18/18 20/14 21/1 21/20 22/2 23/13 23/14
I've [4] 7/2 17/8 22/11 23/6
IAN [1] 1/4
idea [1] 24/15
identified [2] 16/5 16/14
immune [2] 5/6 15/23
immunities [1] 15/18
immunity [47]
implemented [1] 11/6
importance [2] 4/3 4/20
Inc [1] 25/16
including [1] 17/14
independent [6] 1/7 14/18 14/19 14/22 14/25 15/2
Index [1] 2/13
indicate [1] 16/4
indicated [1] 4/12
instead [1] 14/12
intend [1] 8/11
intended [2] 12/7 12/8
is [72]
ISD [1] 13/18
isn't [2] 8/6 8/7
issue [11] 5/6 5/20 7/21 7/24 11/17 12/6 12/9 13/23 13/24 20/9 20/9
issue -- the [1] 7/21
issues [3] 4/7 4/8 6/16
it [52]
it's [14] 5/13 6/11 6/17 8/12 9/6 10/17 10/17 16/1 18/25 19/22 20/21 21/25 22/21 23/24
its [13] 3/22 5/8 5/10 5/24 5/24 15/12 15/14 15/18 15/20 15/21 16/6 16/15 16/15

**J**

JOHNSON [5] 1/4 3/3 18/15 18/15 19/11
JUDGE [6] 1/11 12/16 15/7 17/18 18/1 21/20
judicata [2] 7/14 7/15
Judicial [1] 25/6
JULY [3] 1/6 3/2 21/5
June [1] 21/3
jurisdiction [1] 6/12

jury [5] 16/23 18/5 23/18 24/7 24/8
just [3] 18/23 19/5 19/15
just [5] 6/8 8/22 17/22 18/25 20/15 22/13 22/14 24/7 24/15
just -- the [1] 17/22
just -- you [1] 22/14

**K**

Kennedy [1] 1/15
kind [1] 9/8
know [8] 6/10 6/11 7/1 8/25 10/6 10/7 12/14 20/25

**L**

last [4] 19/8 19/16 19/17 22/20
late [1] 18/5
law [10] 12/19 12/21 13/21 14/1 14/16 14/18 14/22 15/17 16/5 16/15
lawyers [1] 18/8
lead [4] 3/10 3/13 6/1 20/7
least [5] 5/15 8/20 11/17 14/15 20/17
leave [6] 2/3 3/20 4/2 4/11 5/25 5/25
leave -- Motion [1] 5/25
legal [3] 5/6 5/20 10/13
let [2] 16/18 20/2
liability [14] 7/7 7/8 7/16 7/17 8/20 10/16 10/16 11/16 15/20 15/24 16/6 16/12 16/13 16/15
light [1] 10/9
like [6] 6/20 7/12 9/24 14/20 14/20 17/2
limit [1] 16/12
limited [1] 8/4
limits [2] 16/6 16/15
litigator [1] 20/8
little [1] 9/2
long [4] 10/6 10/7 22/19 22/23
look [2] 8/21 11/15
looking [1] 21/1
looks [2] 7/12 14/1
Lopez [2] 12/15 13/18
lose [1] 10/20
lost [1] 19/19

**M**

Mail [2] 1/23 25/20
major [2] 18/24 20/22
make [3] 7/7 8/11 22/8
makes [1] 15/23
making [2] 10/8 24/4
matter [2] 6/12 25/4
may [7] 5/10 5/12 5/14 6/3 15/4 15/19 15/22
McKinney [8] 6/18 7/13 11/20 11/23 12/15 12/16 13/18 14/25
me [5] 15/12 16/18 20/2 22/10 23/13
mean [3] 11/3 23/6 23/12
mean -- I'm [1] 11/3
mechanical [1] 1/24
memory [1] 22/9
mentioned [1] 6/7
merits [1] 13/22
Meyers [8] 15/11 15/11 15/13 15/13 15/14 15/17 15/17 15/20
Meyers -- DISD [1] 15/11
Meyers -- the [1] 15/17
might [1] 13/1
misplaced [1] 15/13
Monday [2] 17/22 19/12
money [2] 9/11 9/21
more [2] 8/12 14/20
morning [2] 6/25 24/9
most [1] 18/24
motion [19] 2/3 2/4 2/8 3/16 3/20 5/25 5/25 6/2 6/2 6/7 11/15 12/4 13/9 16/15

## M

motion... [3] 16/17 18/7 20/22 23/22 23/23
motions [2] 6/9 18/3
Mount [1] 14/3
move [5] 4/1 4/11 23/21 23/22 23/23
moved [4] 20/21 21/3 23/14 23/14
moving [2] 6/12 16/1
MR [6] 1/14 1/14 1/18 2/5 2/6 2/10
Mr. [9] 3/5 3/5 3/15 16/22 17/13 18/19 18/23 20/7 22/4
Mr. Clark [1] 3/5
Mr. Duffy [1] 3/5
Mr. Hammel [1] 3/15
Mr. Ronquillo [5] 16/22 18/19 18/23 20/7 22/4
Mr. Ronquillo's [1] 17/13
MS [2] 1/17 2/9
Ms. [3] 3/8 16/18 22/3
Ms. Soto [3] 3/8 16/18 22/3
municipal [2] 14/8 14/12
must [1] 3/25
my [4] 3/12 6/6 16/16 22/9

## N

name [3] 3/12 6/6 6/18
nature [4] 5/1 10/13 14/15 15/18
need [7] 5/21 15/8 17/7 17/10 19/22 20/20 24/10
needs [2] 4/7 5/8
Nelson [3] 8/1 13/2 13/11
new [1] 6/16
next [1] 17/1
nine [1] 24/8
no [15] 1/4 3/11 5/9 5/14 9/6 13/13 18/18 24/4 24/8 24/8 24/15 24/15 24/19 24/20 25/11
NORTHERN [2] 1/2 25/12
not [43]
Nothing [1] 24/18
notice [1] 3/13
now [15] 3/20 6/1 6/2 6/7 6/14 13/22 14/17 16/23 16/25 17/7 19/7 19/18 19/21 20/12 21/5
number [4] 3/4 4/3 4/10 7/12

## O

O'CONNOR [1] 1/11
obtain [1] 9/21
occurs [1] 3/22
off [4] 13/21 21/13 21/17 23/5
Off-the-record [3] 13/21 21/13 21/17
official [2] 12/1 25/12
officials [1] 14/6
Oh [1] 7/3
okay [17] 3/3 3/5 3/10 3/18 3/20 7/3 11/11 13/22 21/15 22/3 22/19 22/22 23/9 23/16 24/2 24/11 24/21
once [1] 19/22
one [10] 4/1 4/10 6/11 7/6 9/2 16/25 17/8 18/17 18/22 22/21
one-day [1] 22/21
only [10] 5/6 9/12 16/7 18/2 18/17 19/3 19/20 19/24 22/11 23/11
open [2] 22/2 22/4
oppose [1] 20/4
opposition [1] 5/15
order [1] 23/18
ordinance [2] 9/16 11/6
ordinances [1] 9/10
originally [1] 21/3
other [12] 10/24 10/25 11/5 14/12 16/14

other... [5] 17/13 17/14 18/8 18/17 18/22 19/1 22/14
other -- with [1] 17/13
otherwise [3] 16/6 16/12 22/10
our [7] 8/20 9/3 9/24 11/8 12/17 12/24 16/24
out [4] 7/6 13/1 18/6 21/4
over [4] 16/21 21/7 21/8 24/10

## P

Pacific [1] 1/15
PAGE [1] 2/2
part [1] 14/15
partaking [1] 14/11
Parte [1] 13/6
particular [2] 9/2 15/8
party [1] 5/12
pass [1] 9/15
passed [1] 9/12
PC [2] 1/15 1/18
permitted [2] 5/23 5/23
permitting [2] 5/5 5/19
pick [2] 24/7 24/8
picking [2] 16/23 18/5
place [1] 20/10
plaintiff [15] 1/5 1/14 4/25 5/7 7/4 7/21 8/9 8/14 9/20 9/22 9/22 11/1 11/12 15/7 20/3
plaintiff's [1] 5/7
plaintiffs [2] 6/15 9/11
plan [1] 24/16
pleading [1] 6/22
pleadings [2] 3/24 6/19
please [2] 6/3 16/21
pled [1] 16/3
podium [1] 16/21
point [1] 13/1
pointed [1] 16/7
policies [1] 9/24
political [1] 14/13
position [4] 6/21 9/3 11/14 16/9
possible [1] 15/19
potential [3] 4/4 5/3 5/18
power [1] 5/1
preexisting [1] 4/18
pregnancy [1] 17/12
prejudice [5] 4/4 4/7 5/4 5/17 5/18
prescribed [1] 25/6
prescriptive [1] 13/2
pretrial [1] 18/2
pretty [1] 11/21
previously [1] 4/12
private [2] 5/12 16/10
probably [4] 7/11 19/9 19/22 21/8
problem [2] 22/6 24/14
procedure [1] 6/10
PROCEEDING [1] 2/2
proceedings [3] 1/24 24/23 25/4
produced [1] 1/25
prong [1] 5/3
proper [1] 6/10
properly [1] 10/2
proposition [2] 5/11 14/3
prospective [3] 9/13 9/23 13/9
protection [1] 13/25
proven [1] 4/25
provide [1] 16/11
provides [1] 5/9
provision [7] 4/13 4/16 8/3 12/12 13/5 16/11 16/14
provisions [1] 11/18
pure [1] 10/14
purely [2] 5/20 8/24

purposes [3] 8/8 12/21 15/4
pursuant [2] 4/17 13/10
put [1] 9/24

## Q

question [4] 8/6 8/7 11/4 13/13

## R

raise [3] 4/17 10/25 11/6
raising [1] 6/16
RAMONA [1] 1/17
ramp [1] 9/24
Rather [1] 16/7
read [3] 7/2 8/25 9/1
ready [6] 18/4 18/13 18/25 19/21 23/3 23/4
really [2] 19/18 22/11
reason [1] 17/21
reasons [3] 5/18 7/12 16/25
recall [1] 16/25
recently [1] 4/15
recess [1] 24/21
recite [1] 15/8
recognized [1] 12/7
record [4] 13/21 21/13 21/17 25/3
recover [4] 8/9 9/11 9/12 9/23
recovery [1] 11/18
REED [1] 1/11
regarding [1] 8/15
reinstatement [1] 13/3 13/10
relates [2] 5/6 11/17
relations [1] 4/23
relevant [1] 3/25
reliance [1] 15/13
relief [4] 9/13 9/23 13/2 13/10
removed [1] 7/11
removes [1] 15/15
removing [1] 15/22
repeat [1] 11/4
reply [3] 6/25 8/20 11/8
reported [1] 1/24
REPORTER [2] 1/21 25/12
Reporter's [2] 2/12 25/1
Reporting [1] 25/16
request [2] 3/22 20/5
required [1] 3/24
res [2] 7/14 7/15
reset [5] 20/15 20/18 21/4 22/11 22/13
resetted [1] 20/18
resetted -- a [1] 20/18
respect [10] 3/20 4/10 4/13 4/20 5/3 5/16 6/16 8/14 14/9 17/14
response [1] 6/14
result [1] 15/8
retain [1] 15/19
right [14] 3/15 11/9 13/20 16/18 16/23 17/6 19/7 20/2 21/6 21/15 22/15 23/2 23/12 24/13
rise [1] 24/22
RMR [3] 1/21 25/2 25/11
Ronquillo [6] 1/18 16/22 18/19 18/23 20/7 22/4
Ronquillo's [1] 17/13
Rule [1] 6/9
rules [1] 20/21
ruling [4] 2/3 2/7 2/11 16/16

## S

S.W.2d [1] 14/25
SAENZ [4] 1/21 25/2 25/10 25/11
said [5] 8/16 11/1 17/22 22/14 24/3
same [5] 5/18 7/7 9/9 12/18 20/10
San [1] 14/24

**S**

Saturday [1] 24/7
say [4] 9/11 10/10 12/18 23/1
saying [4] 9/1 11/25 13/8 17/24
says [3] 9/16 11/1 15/17
schedule [1] 17/13
scheduled [2] 19/12 23/8
schedules [1] 24/16
school [11] 1/7 6/23 7/18 11/23 12/18 14/3 14/18 14/19 14/22 14/25 15/2
second [1] 4/20
Section [1] 12/10
see [8] 6/20 9/1 12/3 20/20 21/2 23/13 24/9 24/12
seeks [2] 4/22 5/2
seems [1] 16/4
self [8] 4/13 4/16 8/2 11/18 12/6 12/11 13/5 16/11
self-care [4] 11/18 12/11 13/5 16/11
self-help [3] 4/13 4/16 8/2
separate [1] 15/19
September [7] 21/19 23/10 23/12 23/17 23/24 24/3 24/4
September 13th [2] 21/19 24/3
September 17th [2] 23/17 24/4
set [19] 7/6 17/1 17/2 17/5 17/11 17/11 17/15 19/11 19/11 19/25 20/22 21/3 21/20 22/9 22/11 22/12 22/17 23/16 23/24
setting [2] 17/3 17/14
settings [2] 17/14 21/4
several [2] 16/23 19/18
she [2] 18/3 18/3
short [1] 20/1
should [5] 5/23 16/16 16/19
show [3] 3/25 17/23 17/24
showing [2] 5/14 8/21
Signed [1] 25/8
similar [4] 5/14 9/6 14/7 15/7
since [4] 15/9 17/25 19/25 19/25
sir [4] 3/9 9/18 23/19 24/1
situation [2] 7/13 20/6
so [44]
some [3] 6/16 6/19 18/23
something [1] 9/24
somewhat [1] 11/14
sooner [1] 21/11
sorry [4] 7/8 7/16 10/19 11/3
SOTO [5] 1/17 2/9 3/8 16/18 22/3
sound [1] 17/2
sovereign [11] 4/12 4/15 7/5 8/1 8/23 9/11 11/7 13/23 15/14 15/21 16/3
sovereign/governmental [1] 8/23
special [1] 17/2
specially [6] 17/2 17/5 17/11 17/11 17/15 19/11
specifically [2] 7/15 13/3
spill [1] 19/21
St [1] 25/16
stands [1] 5/11
start [7] 17/18 19/12 19/13 22/23 23/2 23/4 24/9
started [4] 17/3 18/5 19/16 19/17
starting [2] 17/22 19/18
state [28]
state's [1] 14/11
stated [3] 5/15 5/18 13/24
states [6] 1/1 1/11 12/11 14/6 14/24 25/7
statute [2] 13/17 15/23
statutes [1] 9/12
stenography [1] 1/24

**STEVEN** [1] 1/14
still [4] 13/9 15/23 16/23 18/5
Street [1] 1/19 1/21
subdivision [1] 14/13
successfully [1] 15/4
such [3] 4/7 6/23 7/19
sued [2] 7/21 12/22
suit [21] 5/1 5/7 7/8 7/9 7/10 7/16 7/17 8/14 8/18 10/16 12/11 12/19 12/21 12/23 13/4 13/17 13/25 14/5 14/23 15/5 15/20
suit -- I'm [1] 7/16
Suite [2] 1/15 1/19
suits [1] 16/10
support [3] 11/6 15/12 16/9
Supreme [9] 4/14 6/18 7/24 7/25 11/21 13/23 14/19 14/21 16/8
survive [2] 10/6 10/8

**T**

take [5] 5/12 6/1 8/25 11/11 23/4
taken [1] 7/11
taking [4] 3/10 3/13 6/21 18/24
talk [1] 3/18
team [1] 18/18
Telephone [1] 1/16 1/20 1/22 25/19
Temporary [1] 25/12
terms [4] 9/21 11/18 20/9 24/16
testimony [1] 24/9
TEXAS [24] 1/2 1/5 1/16 1/19 1/22 4/14 6/18 7/25 11/7 11/21 14/18 14/18 14/19 14/21 14/21 14/22 15/2 15/3 15/11 16/7 16/15 25/11 25/12 25/17
than [1] 14/20
Thank [4] 6/5 11/9 11/10 24/21
that [109]
that -- the [1] 20/16
that's [9] 7/19 8/5 13/17 17/4 19/4 19/19 20/22 22/5 23/11
the -- read [1] 9/1
their [7] 7/14 9/2 10/21 11/15 12/14 13/9 20/5
their -- the [1] 7/14
them [1] 6/11
then [18] 5/16 8/7 8/13 9/15 10/15 10/24 12/13 12/24 17/23 17/24 19/10 19/10 20/21 21/1 23/14 23/21 24/9 24/21
there [15] 3/24 5/14 5/20 7/15 8/17 8/18 8/21 10/15 13/13 13/14 15/17 18/8 18/20 18/22 18/22
there's [2] 17/16 17/24
Therefore [1] 14/21
these [3] 4/7 4/8 5/22
they [24] 6/17 6/21 7/4 7/7 7/16 8/19 9/8 9/12 9/23 11/6 11/15 12/10 12/13 12/17 12/20 12/22 13/12 13/15 13/16 17/21 18/13 20/11 20/12 21/5
they're [1] 9/8
thing [2] 9/9 12/18
think [7] 7/3 7/18 8/10 10/3 13/11 22/24 23/8
thinking [1] 19/22
third [1] 5/3
this [42]
this -- if [1] 8/24
this -- what [1] 10/25
this -- when [1] 19/12
those [1] 25/6
though [1] 10/6
thought [1] 19/20
three [2] 4/4 23/1
Thursday [1] 18/2 18/3

thus [1] 15/18
time [2] 17/8 24/16
timely [2] 4/1 4/1
to -- the [1] 6/2
Tobolowsky [1] 18/1
today [1] 3/13
too [1] 13/1
transcript [4] 1/10 1/24 25/3 25/6
treated [2] 14/10 14/12
trial [17] 16/24 17/1 17/1 17/13 18/6 19/3 19/7 19/25 20/6 20/15 21/6 21/20 21/24 22/23 23/16 23/24 24/7
trials [3] 22/11 22/12 22/12
tried [2] 6/25 8/20
true [3] 4/14 15/6 25/3
try [6] 9/19 18/8 18/13 18/21 18/23 22/22
trying [2] 6/22 24/16
trying -- that [1] 6/22
Tuesday [1] 17/23
turn [1] 14/17
turns [1] 14/10
two [7] 4/3 19/9 19/14 20/16 21/22 21/23 21/24
Two-day [1] 21/24
Tyler [1] 21/12

**U**

U.S [2] 13/23 14/4
Uh [3] 9/10 9/18 21/25
Uh-huh [3] 9/10 9/18 21/25
under [20] 8/9 8/11 8/24 9/12 11/19 12/9 12/11 12/12 12/19 13/5 13/6 13/16 13/17 13/25 14/14 14/18 14/22 14/23 16/10 20/21
understand [5] 17/9 20/5 20/6 20/8 22/7
UNITED [4] 1/1 1/11 14/24 25/7
unless [1] 22/10
unopposed [3] 20/12 20/13 20/14
up [3] 17/23 17/24 19/4
upon [2] 6/13 14/15
urging [2] 11/15 12/13
us [6] 9/12 9/16 9/17 9/21 9/23 9/23

**V**

validly [2] 10/4 12/10
various [1] 6/9
versus [8] 1/6 3/3 7/8 7/9 13/18 18/15 18/15 19/11
very [5] 3/7 9/6 11/9 17/2 20/1
violate [1] 9/21
violations [1] 7/22
VOLUME [1] 1/10

**W**

wait [4] 21/16 21/16 21/16 21/16
waive [5] 4/12 4/15 5/13 12/7 12/8
waived [3] 5/8 5/10 8/2
waiver [1] 15/20
waives [2] 15/14 15/21
want [7] 3/18 19/2 23/9 23/10 23/10 23/21 23/21
want -- if [1] 23/21
wanted [2] 22/5 24/15
was [12] 7/10 7/14 8/18 10/14 12/16 13/14 17/1 17/2 19/10 19/11 19/14 21/3
way [1] 23/11
we [63]
we -- we [1] 20/4
we -- will [1] 24/6
we'll [4] 24/8 24/9 24/9 24/12
we're [16] 6/7 9/11 9/19 11/8 16/23 17/22 18/5 18/25 19/18 19/21 19/22

# W

we're... [5]  20/1 21/1 21/3 21/8 24/21
we've [1]  7/6
Wednesday [1]  18/2
week [11]  17/1 17/1 19/8 19/16 19/17
19/19 19/19 19/23 20/24 21/1 21/1
weekend [1]  24/10
weeks [2]  19/9 19/14
weighs [4]  4/18 4/21 5/4 5/19
well [21]  3/18 8/21 10/13 11/3 13/12
15/8 17/15 18/8 18/17 18/18 18/20 19/2
19/3 19/6 19/10 20/11 20/14 22/22 23/2
23/9 24/7
were [11]  6/15 7/16 8/24 17/5 17/15
17/17 17/18 17/21 19/12 20/12 20/24
what [19]  8/13 8/16 9/1 9/3 10/12 10/24
10/25 11/5 12/14 12/14 17/17 19/6 20/5
20/25 21/12 21/15 21/19 22/1 22/15
what -- that [1]  9/3
what -- when -- the [1]  19/6
when [11]  3/19 7/11 8/2 8/8 15/15 15/21
17/11 19/6 19/12 19/12 21/6
where [3]  7/19 9/20 23/4
whether [9]  5/6 8/1 8/7 8/7 12/6 12/10
13/3 13/24 14/10
whether -- based [1]  8/7
which [8]  7/6 11/20 12/16 12/17 12/18
14/13 22/9 22/12
While [2]  4/14 5/7
who [5]  3/7 11/1 11/11 18/8 18/21
whoever [1]  6/1
why [11]  10/10 16/18 17/7 17/10 17/20
19/19 22/5 22/9 22/9 22/22 23/2
will [11]  3/13 3/16 5/23 6/1 11/13 13/22
16/16 19/20 21/8 24/6 24/6
WILLIAM [3]  1/18 3/12 6/6
Williams [1]  1/15
willing [2]  23/13 23/15
witnesses [1]  18/24
won't [1]  22/4
Word [1]  2/13
work [1]  24/10
working [1]  24/6
works [1]  23/12
Worth [1]  25/13
would [17]  4/23 6/20 10/6 10/7 10/12
10/15 10/20 10/21 10/24 10/25 11/5
13/4 13/6 19/14 20/17 22/24 23/1

# Y

yahoo.com [2]  1/23 25/20
Yeah [1]  10/17
years [1]  20/8
yes [17]  3/6 3/9 6/4 7/23 8/5 9/18 9/25
10/5 10/23 17/15 18/10 18/12 18/22
19/17 21/11 23/19 24/1
yesterday [2]  3/14 6/14
you [41]
you're [4]  13/8 19/7 22/10 22/10
you're -- unless [1]  22/10
Younger [1]  13/6
your [33]
your claim [1]  13/10

# Z

ZAC [1]  1/14